Filed 8/28/25  P. v. Watler CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>RENALDO WATLER, JR.,<br><br>　　　Defendant and Appellant. | B337614<br>(Los Angeles County<br>　Super. Ct. No. KA097971) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Deepti Vaadyala, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

Defendant Renaldo Watler, Jr., appeals the trial court's judgment following a resentencing hearing to strike now invalid prior prison term enhancements. (Pen. Code, §§ 1172.75, 667.5, subd. (b).)[1] We affirm.

# FACTUAL AND PROCEDURAL HISTORY

On May 13, 2012, Watler entered a Walgreens store with a drawn nine-millimeter semiautomatic handgun and fired several shots in the direction of one of the victims, Charles Babb. Babb was not injured, but one of the bullets lodged in the hip of 17-year-old Samantha Casey, who was shopping with her mother and sisters. Watler then ran outside and shot at Babb's car. Later, Babb identified Watler as the shooter. While detained on unrelated charges, Watler admitted shooting at Babb and his car. He claimed to have done so in self-defense, but also told police Babb had raped his sister.[2]

Watler was charged with the premeditated attempted murder of Babb and Casey (§§ 664/187, subd. (a), 664, subd. (a), counts 1 and 2), assault with a semiautomatic weapon on Babb and Casey (§ 245, subd. (b), counts 3 and 4), possession of a firearm by a felon (§ 29800, subd. (a)(1), count 5), possession of ammunition (§ 30305, subd. (a)(1), count 6), and discharge of a firearm with gross negligence (§ 246.3, subd. (a), count 7). Firearm allegations were attached to the first four counts, allegations of great bodily injury were attached to counts 2 and 4, and five prior felony convictions were alleged as to counts 5 and 6. (§§ 12022.5, 12022.7, & 12022.53.) As to all

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     The factual background is taken from this court's prior opinion in *People v. Watler* (B252845, Mar. 2, 2015) [nonpub. opn.].

counts, it was further alleged Watler had three prior prison terms and had committed the current offenses while on bail. (§§ 667.5, 12022.1.)

The jury acquitted Watler of the attempted murder charges, deadlocked on the lesser charges of attempted voluntary manslaughter, and convicted him of the remaining charges and enhancements. In a bifurcated proceeding, Watler admitted, and the trial court found true, the out-on-bail and prior prison term enhancements.

At the November 7, 2013 sentencing hearing, the trial court found the "aggravating circumstances outweigh mitigating circumstances based upon [Watler]'s extensive criminal record and the evidence in th[e] case, especially that [Watler] carried a handgun into a store with the purpose of using it and during the time when there were many patrons." The court sentenced Watler to 28 years, 4 months in state prison. The court imposed the upper term of nine years on count 3, plus the upper term of ten years on the firearm enhancement and two years for committing the crime while out on bail. Additionally, the court imposed one year each for the three prior prison term enhancements, to run consecutive to count 3. As to count 4, the court imposed a consecutive term of four years, four months, plus three concurrent two-year terms on counts 5 through 7. The court ordered the sentence in this case to run consecutive to his sentence in *People v. Watler,* Los Angeles County Superior Court, case No. TA121536. On appeal, this court affirmed the judgment.

On June 22, 2023, the trial court set a resentencing hearing pursuant to section 1172.75 after notification by the California Department of Corrections and Rehabilitation that Watler was identified as an individual with a sentence that was enhanced pursuant to section 667.5, subdivision (b). Watler filed a brief, requesting that the trial court strike his firearm, great

3

bodily injury, and out-on-bail enhancements, in addition to the now invalid prior prison term enhancements. Watler argued, in part, that the court was required to give "great weight" to evidence of certain mitigating circumstances when exercising its discretion to dismiss an enhancement. Watler then listed "[t]he relevant mitigating circumstances," which included, "multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed." In opposition, the People argued that Watler should not be resentenced beyond the dismissal of the prior prison term enhancements.

At the March 14, 2024 resentencing hearing, the trial court stated it had read the parties' briefs. Defense counsel argued that section 1385 directs "the courts [to give] great weight to evidence of certain mitigating circumstances" when determining whether to dismiss an enhancement. She highlighted the relevant circumstances, including subdivision (c)(2)(B) of section 1385, which states "multiple enhancements are alleged in a single case, and in this instance, all enhancements beyond a single enhancement, shall be dismissed." Counsel argued Watler would not be a danger to public safety, minimizing his prior criminal history and highlighting postconviction behavior. In response, the People clarified that the trial court is not required to dismiss all but one enhancement under section 1385. Rather, the court has discretion in deciding to do so. The People contended it would not be in the interest of justice to dismiss the enhancements because of the serious nature of his convictions and his recent rule violations in state prison.

The trial court stated it must determine whether dismissing an enhancement was "in the interest of justice." The court noted that Watler's two prior convictions for pimping were not violent or serious crimes, but they

4

were "certainly not victimless."[3] It also noted that Watler had "done quite a bit" in prison and had "a lot of support." Ultimately, the court recalled Watler's sentence and struck the three one-year prior prison term enhancements. The court reduced Watler's sentence further by imposing the midterm of four years (instead of the upper term of 10 years) for the firearm enhancement on count 3. The remainder of his sentence stayed the same, including the imposition of the upper term of nine years on count 3. Ultimately, the court resentenced Watler to a total of 19 years, 4 months in state prison.

Watler timely appealed.

## DISCUSSION

### I.   *Standard of Review*

Where, as here, a defendant's sentence includes an invalid prior prison term enhancement, section 1172.75 obligates a trial court to recall the sentence and to undertake a full resentencing that accounts for "any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subds. (c) & (d)(2); *People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) In this appeal, defendant challenges two aspects of the resentencing he received pursuant to section 1172.75. We generally review criminal sentencing for an abuse of discretion (*People v. Panozo* (2021) 59 Cal.App.5th 825, 837), but review subsidiary factual findings for substantial evidence

---

[3]     In 2008, Watler was convicted of enticing a minor for prostitution (§ 266). (San Bernadino County Super. Ct., case No. FHV801800.) In 2012, Watler was convicted of attempting to induce or persuade another to become a prostitute (§ 664/261, subd. (a)(2)). (Los Angeles County Super. Ct., case No. TA121536.)

(*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143) and subsidiary legal questions de novo (*People v. Tirado* (2022) 12 Cal.5th 688, 694).

II.    *Imposition of the Upper Term*

Watler contends that the trial court's imposition of the upper term on count 3 violated his right to a jury trial under the Sixth Amendment to the United States Constitution because the aggravating factors were not found true beyond a reasonable doubt by a factfinder.

Previously, section 667.5, subdivision (b) required the trial courts to impose a one-year sentence enhancement for each true finding on an allegation that defendant served a separate prior prison term and had not remained free of custody for at least five years.  (Former § 667.5, subd. (b); *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)  However, with the enactment of Senate Bill No. 136 (effective Jan. 1, 2020), the Legislature amended subdivision (b) of section 667.5 to impose a one-year enhancement only for each prior term served for a conviction of a sexually violent offense.  (Stats. 2019, ch. 590, § 1.)  "Enhancements based on prior prison terms served for other offenses became legally invalid."  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*).)  The Legislature later enacted Senate Bill No. 483, effective January 1, 2022, to make the changes implemented by Senate Bill No. 136 retroactive by adding former section 1171.1 (now section 1172.75) to the Penal Code.  (See Stats. 2021, ch. 728, § 1; accord, *Burgess, supra*, at p. 380; accord, *People v. Monroe* (2022) 85 Cal.App.5th 393, 399.)  Section 1172.75, subdivision (c) requires the trial court to recall an applicable sentence and resentence the defendant.

6

Section 1172.75, subdivision (d)(1) mandates the trial court to impose "a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." At resentencing, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) The court may also consider post-conviction factors, including the defendant's disciplinary record, his rehabilitation, and his age and physical condition affecting any risk for future violence, among other factors. (*Id.*, subd. (d)(3).) "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (d)(4).) There is currently a split of authority whether section 1172.75, subdivision (d)(4), permits the imposition of the upper term at resentencing without the applicable aggravating factors being found true beyond a reasonable doubt. The Third District held that subdivision (d)(4) of section 1172.75 "does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458.) However, the Sixth District held the opposite due to Sixth Amendment concerns. (*People v. Gonzalez* (2024) 107 Cal.App.5th 312, 329.) We find the Third District's interpretation based upon the plain language of the statute more persuasive. Here, the trial court imposed the upper term on count 3 at the original sentencing, and by the plain language

7

of section 1172.75, subdivision (d)(4), could do so again without a reasonable doubt finding.[4]

Alternatively, Watler argues that his trial counsel was ineffective for failing to object to the imposition of the upper term on count 3. To establish a claim of ineffective assistance of counsel, Watler must show that his counsel's performance fell below an objective standard of reasonableness and prejudice. (See generally *Strickland v. Washington* (1984) 466 U.S. 668, 687–688 (*Strickland*).) There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. (*People v. Stanley* (2006) 39 Cal.4th 913, 954 (*Stanley*).) Prejudice occurs where there is a reasonable probability that, but for counsel's unprofessional errors, the defendant would have achieved a more favorable outcome. (*Strickland, supra*, at p. 694; *Stanley, supra,* at p. 954.) A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. (*Strickland, supra*, at p. 694; *Stanley, supra,* at p. 954.) As we explained above, the trial court did not err in imposing the upper term on count 3. Therefore, Watler cannot establish that his trial counsel either erred in not raising that issue below or prejudice.

III. *Failure to Dismiss All Enhancements*

Watler further contends that the trial court abused its discretion in declining to dismiss all of his enhancements (specifically, the firearm, great bodily injury, and out-on-bail enhancements) under section 1385, subdivision (c).

---

[4] We do not address whether the trial court's decision to impose the high term on count 3 was an abuse of discretion as Watler does not raise this issue on appeal.

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to guide trial courts in deciding whether and when to dismiss sentencing enhancements. (Stats. 2021, ch. 721, § 1.) As amended, section 1385 grants trial courts "the authority" and a simultaneous duty "to strike or dismiss a [sentencing] enhancement" if doing so is "in the furtherance of justice." (§ 1385, subds. (b) & (c)(1).) This provision makes clear that whether dismissal of an enhancement is "in the furtherance of justice" is a "discretion[ary]" call for the trial court to make (*id.,* subd. (c)(1), (2) & (3)). However, the provision also directs that the existence of any of nine enumerated "mitigating circumstances" "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Id.*, subd. (c)(2).) As relevant here, one of the mitigating circumstances is "[m]ultiple enhancements are alleged in a single case," in which case "all enhancements beyond a single enhancement shall be dismissed." (§ 1385, subd. (c)(2)(B).)

In *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*), our Supreme Court rejected the notion that the presence of an enumerated mitigating circumstance creates a rebuttable presumption in favor of dismissing an enhancement that can be rebutted only by a showing that dismissal would endanger public safety. (*Walker, supra*, at pp. 1028–1029.) Instead, *Walker* held that, even when a court determines that dismissing an enhancement will not endanger public safety, the court retains discretion not to dismiss or strike that enhancement. In exercising that discretion, the court is to "assign[ ] significant value" to any mitigating circumstance(s), which "strongly favor[s]" and "will generally result in the dismissal of an enhancement"—except when the "court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight

9

of the mitigating circumstance, such that dismissal of the enhancement is not in the furtherance of justice.'" (*Id*. at pp. 1029, 1036.)

Watler argues the trial court abused its discretion by failing to afford "great weight" to the mitigating circumstance that multiple enhancements were alleged in his case (§ 1385, subd. (c)(2)(B)). In support, Watler points to the trial court's silence as to this mitigating circumstance. Silence, without more, is not sufficient to conclude that the court abused its discretion. Section 1385, subdivision (c) contains no express or specific requirement that the court articulate any findings or rulings. (§ 1385, subd. (c); cf. § 1385, subd. (a) & *In re Large* (2007) 41 Cal.4th 538, 550 [noting express findings requirement of § 1385, subd. (a), if a prior strike conviction is dismissed].) "'The trial court is not required to state reasons for declining to exercise its discretion under section 1385' [citations], and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.'" (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.) Here, the record does not affirmatively demonstrate that the court declined to consider (or gave insufficient weight to) the mitigating circumstance of multiple enhancements (§ 1385, subd. (c)(2)(B)) or other relevant factors. Rather, we can reasonably infer the court did consider and weigh this mitigating circumstance because it was argued by Watler and defense counsel at the resentencing hearing.

Watler further contends that it was impermissible for the trial court to rely on the underlying crime and his prior convictions in declining to dismiss the enhancements. However, he cites no legal authority to support this contention. Moreover, we find the opposite. The egregious facts of the case (including the fact that he was on parole and had another pending felony at the time), his prior convictions, and his rules violations in state prison are

10

countervailing factors that would "'neutralize even the great weight of the mitigating circumstance.'" (*Walker, supra*, 16 Cal.5th at p. 1029.) Therefore, Watler failed to establish that the trial court abused its discretion in concluding that dismissing the enhancements was not in furtherance of justice.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.

WE CONCUR:


COLLINS, J.


TAMZARIAN, J.

11